IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK D. FOLEY,

      Petitioner,                    No. CIV S-01-0714 MCE JFM P

    vs.

JAMES ROWLAND, et al.,

      Respondents.              ORDER

_____/

        Petitioner is a state prisoner proceeding with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was represented by counsel at the time the petition was filed and through entry of judgment, which was entered in this action on August 18, 2004.

        This action was commenced on April 12, 2001 with the filing of a petition for writ of habeas corpus on petitioner's behalf. The petition was filed by Attorney Mark D. Greenberg, who represented petitioner throughout the course of the proceedings in this court. On July 30, 2001, respondents filed an answer to the petition, and on September 24, 2001, Attorney Greenberg filed a traverse on petitioner's behalf. On July 1, 2004, the undersigned issued findings and recommendations recommending that the petition be denied. No objections were filed to the findings and recommendations. On August 18, 2004, the district court adopted the

1

findings and recommendations in full and denied the petition. Judgment was entered on the same day.

On February 12, 2010, petitioner filed a pro se request for information concerning the status of his petition. On February 16, 2010, the Clerk of the Court notified petitioner that the petition had been denied on August 18, 2004. On March 4, 2010, petitioner sent a letter to the Clerk of the Court in which he stated, inter alia, that he had not been notified of the denial and seeking a copy of the order. By order filed March 30, 2010, the Clerk of the Court was directed to serve a copy of petitioner's March 4, 2010 letter on petitioner's counsel of record and to serve a copy of the March 30, 2010 order on petitioner.

On August 2, 2010, petitioner filed a motion for a court order directing Attorney Greenberg to show cause why he never notified petitioner of the denial and to send him copies of all documents in this case. By order filed January 28, 2011, the court directed the Clerk to serve a copy of petitioner' August 2, 2010 motion on Attorney Greenberg and directed counsel to respond to the motion within thirty days. On February 25, 2011, Attorney Greenberg filed a declaration in which he averred, inter alia, that "[t]hrough inadvertence and neglect" he failed to inform petitioner at any time of the denial of his habeas corpus petition, and "failed to take any measures to preserve [petitioner]'s appellate rights and opportunities." Declaration of Mark D. Greenberg, filed February 25, 2011, at ¶ 2. Mr. Greenberg further avers that work on two capital appeals during this period "distracted [him] from [his] usually heavy case load of appointed state court appeals and created a backlog in them at the time." Id. at ¶ 8. He infers that it is "quite possible and most likely the case that in these circumstances I overlooked what was happening in a case in which I was receiving no remuneration." Id. Finally, he avers that he receives "a tremendous amount of correspondence from incarcerated prisoners" and tends "to ignore the correspondence from former clients, especially when [his] involvement in the case had ended a long time ago." Id. at ¶ 9. While he remembers receiving letters from petitioner, he associated them with his work on petitioner's state appeal and he "had no memory of the federal habeas

action at all." Id. He considered petitioner "a former client in the remote category, and [he] ignored the correspondence" from petitioner. Id.

On July 18, 2011, the court received from petitioner, pro se, a letter dated July 10, 2011. The letter includes a request "that the court allow [him] back in to the courts to continue [his] appeal (rights) process afforded to me under the United States Constitution." Good cause appearing, the court construes this as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) and, so construed, will invite respondents to file a response.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to file petitioner's July 10, 2011 letter and the attachments thereto;

2. Petitioner's July 10, 2011 letter is construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6);

3. The Clerk of the Court is directed to serve a copy of petitioner's motion and all attachments thereto together with a copy of this order on respondents;

4. Within twenty-one days from the date of this order respondents may file and serve a response to petitioner's Rule 60(b)(6) motion;

5. Petitioner's reply, if any, shall be filed and served within fourteen days thereafter; and

6. The Clerk of the Court is directed to serve a copy of this order on petitioner's counsel of record and on petitioner at the address on the July 10, 2011 motion.

DATED: July 2, 2012.

UNITED STATES MAGISTRATE JUDGE

12;fole0714.60b6