IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK D. FOLEY,

    Petitioner,                    No. CIV S-01-0714 MCE JFM P

    vs.

JAMES ROWLAND, et al.,

    Respondents.            <u>FINDINGS AND RECOMMENDATIONS</u>

                                /

          Petitioner is a state prisoner proceeding with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Judgment was entered in this action on August 18, 2004. On July 18, 2011, petitioner filed, pro se, a request "that the court allow [him] back in to the courts to continue [his] appeal (rights) process afforded to me under the United States Constitution." By order filed July 2, 2012, petitioner's request was construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). In that order, respondents were granted a period of twenty-one days in which to respond to the motion and petitioner was granted a period of fourteen days to file a reply. After receiving an extension of time, on August 14, 2012 respondents filed an opposition to the motion. Petitioner has not filed a reply.

          This action was commenced on April 12, 2001 with the filing of a petition for writ of habeas corpus on petitioner's behalf. The petition was filed by Attorney Mark D. Greenberg,

1

who represented petitioner throughout the course of the proceedings in this court. On July 30, 2001, respondents filed an answer to the petition, and on September 24, 2001, Attorney Greenberg filed a traverse on petitioner's behalf. On July 1, 2004, the undersigned issued findings and recommendations recommending that the petition be denied. No objections were filed to the findings and recommendations. On August 18, 2004, the district court adopted the findings and recommendations in full and denied the petition. Judgment was entered on the same day.

On February 12, 2010, petitioner filed a pro se request for information concerning the status of his petition. On February 16, 2010, the Clerk of the Court notified petitioner that the petition had been denied on August 18, 2004. On March 4, 2010, petitioner sent a letter to the Clerk of the Court in which he stated, inter alia, that he had not been notified of the denial and that he sought a copy of the order. By order filed March 30, 2010, the Clerk of the Court was directed to serve a copy of petitioner's March 4, 2010 letter on petitioner's counsel of record and to serve a copy of the March 30, 2010 order on petitioner.

On August 2, 2010, petitioner filed a motion for a court order directing Attorney Greenberg to show cause why he never notified petitioner of the denial and to send him copies of all documents in this case. By order filed January 28, 2011, the court directed the Clerk to serve a copy of petitioner' August 2, 2010 motion on Attorney Greenberg and directed counsel to respond to the motion within thirty days. On February 25, 2011, Attorney Greenberg filed a declaration in which he averred, inter alia, that "[t]hrough inadvertence and neglect" he failed to inform petitioner at any time of the denial of his habeas corpus petition, and "failed to take any measures to preserve [petitioner]'s appellate rights and opportunities." Declaration of Mark D. Greenberg, filed February 25, 2011, at ¶ 2. Mr. Greenberg further avers that work on two capital appeals during this period "distracted [him] from [his] usually heavy case load of appointed state court appeals and created a backlog in them at the time." Id. at ¶ 8. He infers that it is "quite possible and most likely the case that in these circumstances I overlooked what was happening in

a case in which I was receiving no remuneration." Id. Finally, he avers that he receives "a tremendous amount of correspondence from incarcerated prisoners" and tends "to ignore the correspondence from former clients, especially when [his] involvement in the case had ended a long time ago." Id. at ¶ 9. While he remembers receiving letters from petitioner, he associated them with his work on petitioner's state appeal and he "had no memory of the federal habeas action at all." Id. He considered petitioner "a former client in the remote category, and [he] ignored the correspondence" from petitioner. Id.

Rule 60(b)6) of the Federal Rules of Civil Procedure authorizes a district court to "relieve a party from a final judgment, order or proceeding for several enumerated grounds as well as 'any other reason that justifies relief.'" Mackey v. Hoffman, 682 F.3d 1247, 1250-51 (9th Cir. 2012) (quoting Fed. R. Civ. P. 60(b)(6)). Relief under Rule 60(b)(6) requires a showing that "'extraordinary circumstances which prevented or rendered' a litigant 'unable to prosecute an appeal.'" Mackey, at 1251 (quoting Martella v. Marine Cooks & Stewards Union, Seafarers Int'l Union of N. Am., AFL–CIO, 448 F.2d 729, 730 (9th Cir. 1971)). A Rule 60(b)(6) motion must be brought "within a reasonable time." Fed. R. Civ. P. 60(c).

In Mackey, the United States Court of Appeals for the Ninth Circuit discussed the applicability of Federal Rule of Civil Procedure 60(b)(6) to a case where a state prisoner had not been notified of the denial of his federal habeas petition by the attorney representing him, as follows:

> "A federal habeas petitioner-who as such does not have a Sixth Amendment right to counsel-is ordinarily bound by his attorney's negligence, because the attorney and the client have an agency relationship under which the principal is bound by the actions of the agent." Towery v. Ryan, 673 F.3d 933, 941 (9th Cir.2012), cert. denied, ––– U.S. ––––, 132 S.Ct. 1738, 182 L.Ed.2d 271 (2012). However, when a federal habeas petitioner has been inexcusably and grossly neglected by his counsel in a manner amounting to attorney abandonment in every meaningful sense that has jeopardized the petitioner's appellate rights, a district court may grant relief pursuant to Rule 60(b)(6).

Mackey, at 1253 (citing Maples v. Thomas, 132 S.Ct. 912, 924 (2012); Community Dental

3

1  Services v. Tani, 282 F.3d 1164, 1170 (9th Cir. 2002); Lal v. California, 610 F.3d 518, 524 (9th
2  Cir. 2010)).

3        This case does not contain the kind of egregious facts in Tani and Lal that led the
4  courts in those cases to conclude that the attorneys there had "'virtually abandoned [their]
5  client[s] by failing to proceed with [their] client[s'] cases despite court orders to do so.'" Lal,
6  610 F.3d at 525 (quoting Tani, 282 F.3d at 1170). Nor is there evidence that Attorney Greenberg
7  affirmatively or deliberately misled petitioner about the status of this action. Cf. Lal (quoting
8  Tani at 1171). Viewed in the light most favorable to petitioner, the facts of this case are closer,
9  though not on all fours with, those in Mackey. In that case, the petitioner's counsel filed a
10 petition on the petitioner's behalf but did not file a traverse. After the due date for filing a
11 traverse expired, the petitioner's attorney wrote to him and told him that the case was before the
12 federal court in San Francisco, that the attorney general had filed a response, and that they were
13 "awaiting a trial date and [he] expect[ed] [petitioner] will be brought to San Francisco for the
14 trial." Mackey, at 1248. Thereafter, the attorney did nothing further on the case. Id. at 1248-49.
15 The attorney was served notice of entry of judgment after the petition was denied on the merits
16 but neither notified the petitioner of the entry of judgment nor filed a notice of appeal. Id. at
17 1248-49. The petitioner in Mackey sought information from the Clerk of the Court eight months
18 after judgment was entered. Id. at 1249. The court of appeals remanded the action to the district
19 court with instructions "to make a finding as to whether Grim's action and/or inaction constituted
20 abandonment and, if so, whether to exercise its discretion to grant the relief sought by Mackey."
21 Id. at 1254.

22       Respondents contend that this action is distinguishable from Mackey. In
23 particular, respondents contend that here there was no question that petitioner was responsible for
24 pursuing a request for relief from judgment after he learned the petition had been denied[1] and that

---

[1] Respondents do not concede that petitioner's counsel did not timely inform petitioner of
the denial of the petition, contending instead that it is "unclear if Mr. Greenberg did in fact fail to

4

petitioner has offered no explanation for the delay of sixteen months between the time petitioner learned from the court that the petition had been denied and the filing of his motion for relief from judgment.  Respondents also contend that petitioner's counsel's inaction "did not constitute a wholesale abandonment of Petitioner" and "is more properly characterized as an error that does not entitle Petitioner to relief under Rule 60(b)(6)."  Opposition at 5.

      Even assuming arguendo that Attorney Greenberg did fail to timely notify petitioner of the entry of judgment in this action, the court cannot find that counsel's inaction constituted abandonment.  Moreover, petitioner knew not later than February 25, 2010 that his habeas corpus petition had been denied, see Letter filed March 4, 2010, but he did not file the motion at bar until July 10, 2011.  Petitioner spent some of that fourteen and a half month period attempting to communicate with Attorney Greenberg, who apparently did not respond to petitioner during this time until the court required him to do so.  See Order filed January 28, 2011.  However, those unsuccessful efforts to communicate with Attorney Greenberg did not render petitioner unable to seek relief from the judgment he knew had been entered.  For that reason, this court finds that petitioner's motion for relief from judgment should be denied.[2]

/////

---

notify Petitioner of the denial of his habeas petition."  Opposition, filed August 14, 2012, at 4.

[2] The court observes that petitioner's third claim of instructional error, involving the instruction that "other crimes need only be proved by a preponderance of evidence", is similar to a claim on which relief was granted by the United States Court of Appeals in Gibson v. Ortiz, 387 F.3d 812 (9th Cir. 2004), a case decided less than two months after judgment was entered in this action.  In Gibson, the United States Court of Appeals for the Ninth Circuit held that instructions concerning proof of evidence of other crimes by a preponderance of evidence violated due process, and that use of those instructions was structural error.  In this court's view, under certain circumstances an intervening legal decision might provide grounds for relief under Rule 60(b)(6).  However, Gibson has been overruled at least to the extent that a harmless error analysis now applies to such claims.  See Byrd v. Lewis, 387 F.3d 812 (9th Cir. 2009).  In the instant case, the court found "no reasonable likelihood" that use of the challenged instructions caused the jury to misunderstand "the government's burden of proving guilt beyond a reasonable doubt."  Findings and Recommendations, filed July 1, 2004, at 19; Order filed August 18, 2004 (adopting Findings and Recommendations in full).  The intervening decision in Gibson does not warrant granting relief on this Rule 60(b)(6) motion.

1  In accordance with the above, IT IS HEREBY RECOMMENDED that
2 petitioner's July 10, 2011 motion for relief from judgment be denied.
3  These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
8 failure to file objections within the specified time may waive the right to appeal the District
9 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
10 DATED: September 11, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
fole0714.60b