1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK D. FOLEY,

11          Petitioner,                    No. CIV S-01-0714 MCE JFM P

12      vs.

13   JAMES ROWLAND, et al.,

14          Respondents.                   ORDER

15   _____/

16          Petitioner is a state prisoner proceeding with an application for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Judgment was entered in this action on August 18, 2004.

18   On July 18, 2011, petitioner filed, pro se, a request "that the court allow [him] back in to the

19   courts to continue [his] appeal (rights) process afforded to me under the United States

20   Constitution."  By order filed July 2, 2012, petitioner's request was construed as a motion for

21   relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6).  In that order, respondents were

22   granted a period of twenty-one days in which to respond to the motion and petitioner was granted

23   a period of fourteen days to file a reply.  After receiving an extension of time, on August 14,

24   2012 respondents filed an opposition to the motion.  On September 11, 2012, the court signed

25   findings and recommendations recommending petitioner's motion be denied.

26   /////

1

1        On September 4, 2012, petitioner filed a motion for default and a motion for

2   appointment of counsel.  In the motion for default, petitioner contends that respondent is in

3   default for failing to timely respond to the court's July 2, 2012 order.  However, as noted above,

4   respondent received an extension of time to respond to the motion, and respondent's August 14,

5   2012 response was timely filed.  Petitioner's motion for default will be denied.

6        There currently exists no absolute right to appointment of counsel in habeas

7   proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C.

8   § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice

9   so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does

10  not find that the interests of justice would be served by the appointment of counsel.  Accordingly,

11  petitioner's motion for appointment of counsel will be denied.

12       In accordance with the above, IT IS HEREBY ORDERED that:

13       1.  Petitioner's September 4, 2012 motion for default is denied; and

14       2.  Petitioner's September 4, 2012 motion for appointment of counsel is denied.

15  DATED: September 12, 2012.

16

17   _____
     UNITED STATES MAGISTRATE JUDGE

18

19   12
     fole0714.o2

20

21

22

23

24

25

26