IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK D. FOLEY,

    Petitioner,                      No. CIV S-01-0714 MCE JFM P

    vs.

JAMES ROWLAND, et al.,

    Respondents.                  <u>ORDER</u>

         Petitioner is a state prisoner proceeding with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Judgment was entered in this action on August 18, 2004. On July 18, 2011, petitioner filed, pro se, a request "that the court allow [him] back in to the courts to continue [his] appeal (rights) process afforded to me under the United States Constitution." By order filed July 2, 2012, petitioner's request was construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). In that order, respondents were granted a period of twenty-one days in which to respond to the motion and petitioner was granted a period of fourteen days to file a reply. After receiving an extension of time, on August 14, 2012 respondents filed an opposition to the motion. On September 11, 2012, the court signed findings and recommendations recommending petitioner's motion be denied.

/////

1

1  On September 4, 2012, petitioner filed a motion for default and a motion for appointment of counsel. In the motion for default, petitioner contends that respondent is in default for failing to timely respond to the court's July 2, 2012 order. However, as noted above, respondent received an extension of time to respond to the motion, and respondent's August 14, 2012 response was timely filed. Petitioner's motion for default will be denied.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel. Accordingly, petitioner's motion for appointment of counsel will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's September 4, 2012 motion for default is denied; and

2. Petitioner's September 4, 2012 motion for appointment of counsel is denied.

DATED: September 12, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
fole0714.o2